Mateo Z. Fowler (CA Bar No. 241295)
mateofowler@mzflaw.com
MZF LAW FIRM, PLLC
12121 Wilshire Blvd. Suite 805
Los Angeles, CA 90025
Telephone: (281) 546-5172

Jason S. McManis (Pending *pro hac vice*)
jmcmanis@azalaw.com
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101

Weining Bai (Pending *pro hac vice*)
wbai@azalaw.com
AHMAD, ZAVITSANOS & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101

*Attorneys For Plaintiff, Never-Search, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVER-SEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC, <br><br> Defendant. | **Case No. 24-cv-3733** <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Never-Search, Inc. ("Never-Search") files this suit against Defendant Google, LLC. ("Google" or "Defendant") for infringement of United States Patent Nos. 7,388,519, 8,219,318 9,152,981, 9,177,330, 9,599,479, 10,509,810, 11,086,910, and 11,372,903 (collectively, the "Asserted Patents); and alleges, with personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1. Plaintiff Never-Search, Inc. ("Never-Search") is a California corporation that holds all rights, titles, and interests in the Asserted Patents. Never-Search has a principal place of business at 10843 Wilkinson Ave., Cupertino, California.

2. Defendant Google, LLC ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, 94043. Google can be served with process by serving their registered agent CSC-Lawyers Incorporating Services, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833.

3. Google sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Google because Google has its corporate headquarters in this District, has committed the infringement complained of in this District and throughout the state of California, and regularly conducts business and/or solicits business in this District including selling, using, and offering to sale products and services that infringe Never-Search's Asserted Patents. This Court also has personal jurisdiction over Google because Google has placed infringing products and services into the stream of commerce, with the expectation they will be purchased and used by customers and California and in this District, such that said customers have purchased and used, and continue to purchase and use, Google's infringing products and

services, which has allowed Google to derive substantial benefits from infringing acts in this District and in California.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b). Venue is also proper in this District because Google, as alleged above, maintains a regular and established place of business in this District.

## FACTUAL BACKGROUND

**Never-Search's Patented Innovations**

7. Physical geographical maps and their electronic adaptations have historically been the bedrock of mapping technology. That is until Never-Search revolutionized mapping technology by integrating qualitative information associated with nearby points of interest into these traditional geographical maps.

8. Integrating points of interest into mapping technology allows the consumer to digest both geographic mapping information and qualitative information associated to points of interest simultaneously. These points of interest may include any user-inputted or business-inputted locations such as restaurants, gas stations, golf courses, etc. This evolution in mapping technology allowed consumers to rely on a single platform to take care of its traditional geographic mapping needs while concurrently being exposed to qualitative information for each point of interest listed on the map, such as the point of interest's operating hours, available services, costs of services, amenities, ratings, etc. in addition to the business address, phone number, etc.

9. Prior to the recent proliferation of mapping technology that integrates qualitative information for points of interest, Never-Search began developing potential solutions to allow consumers the ability to access qualitative and geographic information concurrently within a single mapping platform.

10. Mr. Keith Kreft, an inventor and avid golfer, began to encounter issues finding information related to golf courses while traveling as part of his job. In the early 2000s, Mr. Kreft began envisioning a technological mapping architecture that incorporates qualitative information for golf courses without requiring the consumer to constantly switch between querying the internet for a golf course's qualitative information and returning to the traditional geographic map for

directions. Moreover, as Mr. Kreft's travels frequently took him to unfamiliar areas, he began to develop a mapping architecture that also included helpful information related to other points of interest, such as coffee shops, hotels, restaurants, etc.

11. In 2003, Mr. Kreft began filing for patents that embodied the innovations that resulted from his extensive work on integrating points of interest with qualitative information into a geographical map. He also started a company, Never-Search, which owned the patents that the USPTO issued covering his inventions. These include United States Patent Nos. 7,388,519, 8,219,318 9,152,981, 9,177,330, 9,599,479, 10,509,810, 11,086,910, and 11,372,903.

12. These patents embodied Mr. Kreft's novel solution by which graphical maps would associate and display qualitative information with points of interest.

13. Mr. Kreft's inventions provide for displaying on a map icons identifying one or more points of interest corresponding to geographical locations of those points of interest while also concurrently displaying qualitative information associated with each point of interest.

14. Along with graphical maps that display and associate qualitative information with points of interest, the Asserted Patents also embody Mr. Kreft's inventions of methods, systems, and applications for updating, enhancing, organizing, and utilizing those maps. The Asserted Patents further disclose organizing and updating the information displayed on the graphical maps through a variety of different means including, for example, updating point of interest information through the participation of business owners or updating the maps by eliciting user-inputted manual updates such as moving point of interest icons.

15. Mr. Kreft was not an inventor in theory alone – he also channeled his revolutionary innovation into the Never-Search for Golf mapping product which garnered praise by the Wall Street Journal, the Florida Golf Magazine, and multiple other publications. In 2008, the Never-Search for Golf travel maps gained national attention in 2008 for accurately mapping all 18,475 golf courses in the nation with detailed information on each, along with driving ranges, golf stores, and instructors. The travel maps also included important information on other points of interest for travelers, such as nearby coffee shops, airports, hotels, and restaurants.

16. Never-Search complied with all applicable marking requirements under 35 U.S.C.

§287 by properly marking all, or at least substantially all, travel map products sold by Never-Search with applicable patent numbers.

**Google's Willful Infringement**

17. In 2006, Mr. Kreft met with a representative of Google to introduce the Never-Search inventions. Google's representative David Kramer "I appreciate you sharing your ideas" and promised that Google's "product manager for maps [will] be in touch with you."

18. But, despite knowledge of Never-Search's patent-pending innovations, Google did not get "in touch with" Mr. Kreft again. Instead, Google continued to build out its suite of online map products and services with no regard for Never-Search's intellectual property rights.

19. Later, beginning around 2015, representatives of Never-Search again reached out to Google to discuss the Never-Search patents, and potential licensing or purchase by Google.

20. For the next two years, Never-Search and Google engaged in numerous technical and financial discussions regarding Never-Search's patent portfolio, Google's infringement of those patents, and potential license or purchase by Google.

21. However, despite repeated, good-faith efforts by Never-Search, Google never licensed or acquired rights to any of the Never-Search patents.

22. Instead, Google has used Never-Search's inventions without license or other right to do so. Indeed, Google has made, used, sold, and/or offered for sale online map products and services such as Google Maps (hereafter the "Accused Products") which practice technology invented and patented by Mr. Kreft and Never-Search, as set forth below.

## CAUSES OF ACTION

### Count I: Infringement of U.S. Patent No. 7,388,519 ("'519 Patent")

23. All preceding factual allegations above are incorporated as if fully set forth herein.

24. The USPTO duly and legally issued the '519 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '519 Patent to Never-Search.

25. The '519 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. Google has directly infringed and continues to directly infringe, literally and/or

under the doctrine of equivalents, the '519 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '519 Patent. For example, Claim 1 of the '519 Patent recites:-

>A method, comprising the computer-implemented steps of:
>
>displaying a graphical map;
>
>displaying in the map, concurrently, icons identifying two or more points of interest at graphical locations in the map corresponding to geographical locations of the points of interest;
>
>concurrently displaying, over the map, for each of the two or more points of interest at different geographical locations, particular qualitative information associated with the associated point of interest;
>
>wherein all the qualitative information for all the points of interest is concurrently displayed in the map;
>
>displaying, over the map, for each of the points of interest, an information box comprising the qualitative information for the associated point of interest, a first control which when selected causes displaying a higher level of information in the information box, and a second control which when selected causes displaying a lower level of information in the information box;
>
>wherein each of the points of interest is associated with one or more datasets, and
>
>wherein different qualitative information is displayed for different datasets.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 1.

27. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '519 Patent. Never-Search is entitled to recover from Google the damages it has sustained as a result of Google's wrongful acts in an amount subject to proof at trial. The infringement of the '519 Patent by Google has damaged and will continue to damage Plaintiff.

28. Google's infringement of the '519 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '519 Patent is willful at least of the date of the service of this Complaint.

**Count II: Infringement of U.S. Patent No. 8,219,318 ("'318 Patent")**

29. All preceding factual allegations are incorporated as if fully set forth herein.

30. The USPTO duly and legally issued the '318 Patent to Mr. Keith Kreft as the named inventor and Never-Search as the proper assignee, who holds all rights, titles, and interests in the '318 Patent.

31. The '318 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '318 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '318 Patent. For example, Claim 1 of the '318 Patent recites:

> A method, comprising:
>
> storing, in a database communicatively coupled to a data network, a point of interest associated with first location on a geographical map, and information identifying a manager of the point of interest;
>
> receiving map location information associated with the point of interest;
>
> causing to be displayed, based on the map location information, a portion of the geographical map that includes the point of interest, on a computer display associated with the manager;
>
> receiving, from a computer associated with the manager and coupled to the database over the data network, location data that indicates a second location, specified by the manager on the point of the geographical map, of the point of interest;
>
> wherein the second location is different than the first location;
>
> updating, in the database, based on the second location, coordinate data associated with the first location of the point of interest.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 2.

33. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '318 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful

acts in an amount subject to proof at trial. The infringement of the '318 Patent by Google has damaged and will continue to damage Plaintiff.

34. Google's infringement of the '318 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '318 Patent is willful at least of the date of the service of this Complaint.

**Count III: Infringement of U.S. Patent No. 9,152,981 ("'981 Patent")**

35. All preceding factual allegations are incorporated as if fully set forth herein.

36. The USPTO duly and legally issued the '981 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '981 Patent to Never-Search.

37. The '981 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

38. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '981 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '981 Patent. For example, Claim 9 of the '981 Patent recites:

> A method comprising:
>
> displaying a geographical map on a computer display, wherein the geographical map includes a plurality of selectable points of interest; and
>
> based on a selection of one of the selectable of said plurality of points of interest, displaying on said computer display a list of advertisements associated with the selected one of the plurality of points of interest.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 3.

39. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '981 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '981 Patent by Google has damaged and will continue to damage Plaintiff.

40. Google's infringement of the '981 Patent has been willful, and continues to be

willful. In addition, or in the alternative, Google's infringement of the '981 Patent is willful at least of the date of the service of this Complaint.

**Count IV: Infringement of U.S. Patent No. 9,177,330 ("'330 Patent")**

41. All preceding factual allegations are incorporated as if fully set forth herein.

42. The USPTO duly and legally issued the '330 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '330 Patent to Never-Search.

43. The '330 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

44. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '330 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '330 Patent. For example, Claim 1 of the '330 Patent recites:

> A method comprising:
>
> providing first and second point of interest data sets receiving update data with respect to said first and second point of interest data sets to create first and second updated point of interest data sets;
>
> selectively providing, through the Internet, for display on a plurality of maps, to a plurality of map display programs, said first or second updated point of interest data sets:
>
> wherein the method is performed by one or more computing devices.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 4.

45. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '330 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '330 Patent by Google has damaged and will continue to damage Plaintiff.

46. Google's infringement of the '330 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '330 Patent is willful at least of the

8                                    Case No. 24-cv-3733
                                                                                 COMPLAINT

date of the service of this Complaint.

**Count V: Infringement of U.S. Patent No. 9,599,479 ("'479 Patent")**

47. All preceding factual allegations are incorporated as if fully set forth herein.

48. The USPTO duly and legally issued the '479 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '479 Patent to Never-Search.

49. The '479 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

50. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '479 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '479 Patent. For example, Claim 1 of the '479 Patent recites:

> A method, comprising:
>
> causing a point of interest icon to be displayed at a first location on a geographical map on a computer display;
>
> after movement of the icon on the displayed geographical map by a user and an indication by the user that indicates that the moved icon is now located at a second more representative location for the point of interest, receiving geo-coordinate data of the second more representative location for the point of interest;
>
> storing said geo-coordinate data of the second location of the point of interest as a database entry that is associated with said point of interest; and, thereafter,
>
> providing the second location geo-coordinate data of the point of interest through the internet to a plurality of map display programs for display on a plurality of displays associated with a plurality of computers.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 5.

51. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '479 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '479 Patent by Google has damaged and will continue to damage Plaintiff.

52.     Google's infringement of the '479 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '479 Patent is willful at least of the date of the service of this Complaint.

**Count VI: Infringement of U.S. Patent No. 10,509,810 ("'810 Patent")**

53.     All preceding factual allegations are incorporated as if fully set forth herein.

54.     The USPTO duly and legally issued the '810 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '810 Patent to Never-Search.

55.     The '810 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

56.     Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '810 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '810 Patent. For example, Claim 11 of the '810 Patent recites:

> A method of updating map information, the method comprising:
>
> causing a point of interest icon to be displayed at a first location on a geographical map on a computer display;
>
> after movement of the icon on the displayed geographical map responsive to input from a user and an indication by the user that indicates that the moved icon is now located at a second more representative location for the point of interest, receiving geo-coordinate data of the second more representative location for the point of interest;
>
> storing said geo-coordinate data of the second location of the point of interest as a database entry that is associated with said point of interest and also storing a date stamp value in association with the received geocoordinate data indicating when the storing occurred; and
>
> thereafter, providing the second location geo-coordinate data of the point of interest through a communication channel to a plurality of map display programs for display on a plurality of displays associated with a plurality of computers.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 6.

57.     Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '810 Patent. Never-

Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '810 Patent by Google has damaged and will continue to damage Plaintiff.

58. Google's infringement of the '810 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '810 Patent is willful at least of the date of the service of this Complaint.

**Count VII: Infringement of U.S. Patent No. 11,086,910 ("'910 Patent")**

59. All preceding factual allegations are incorporated as if fully set forth herein.

60. The USPTO duly and legally issued the '910 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '910 Patent to Never-Search.

61. The '910 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

62. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '910 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '910 Patent. For example, Claim 1 of the '910 Patent recites:

> A method comprising:
>
> displaying two or more points of interest as part of an Internet enabled geographical map rendered on a graphical display device; and
>
> concurrently displaying, in association with the displayed two or more points of interest, an advertisement rendered on the graphical display device and the advertisement is displayed on the Internet enabled geographical map.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 7.

63. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '910 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '910 Patent by Google has damaged and will continue to damage Plaintiff.

64. Google's infringement of the '910 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '910 Patent is willful at least of the date of the service of this Complaint.

**Count VIII: Infringement of U.S. Patent No. 11,372,903 ("'903 Patent")**

65. All preceding factual allegations are incorporated as if fully set forth herein.

66. The USPTO duly and legally issued the '903 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '903 Patent to Never-Search.

67. The '903 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

68. Google has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '903 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of the Accused Products to practice the claimed invention of the '903 Patent. For example, Claim 1 of the '903 Patent recites:

> A mapping system for providing mapping information to a plurality of users with a plurality of computing devices over the Internet, comprising:
>
> one or more databases storing said mapping information for displaying a map, said mapping information comprising: map layer information, points of interest information, and qualitative information related to said points of interest; and
>
> at least one server storing computer instructions configured to:
>
> create an account on said mapping system for at least one of said plurality of users having at least one of said plurality of computing devices;
>
> store personalized points of interest selected by said at least one of said plurality of users;
>
> display said personalized points of interest within said map;
>
> import an imported address from at least one of: a customer relationship management (CRM) application; and a contact application;
>
> display said imported address on said map;
>
> store said imported address as a personalized point of interest by said at least one of said plurality of users; and
>
> allow said at least one of said plurality of users to select one of a plurality of levels of

details for displaying qualitative information related to the points of interest;

wherein said mapping information is configured to be accessible by said plurality of users with said plurality of computing devices, each of said plurality of computing devices comprising a graphical user interface (GUI) provided by an internet browser or a mapping application.

Google's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 8.

69. Google committed these infringing activities without license from Never-Search. Google's acts of infringement have damaged Never-Search as owner of the '903 Patent. Never-Search is entitled to recover from Google the damages it has sustained due to Google's wrongful acts in an amount subject to proof at trial. The infringement of the '903 Patent by Google has damaged and will continue to damage Plaintiff.

70. Google's infringement of the '903 Patent has been willful and continues to be willful. In addition, or in the alternative, Google's infringement of the '903 Patent is willful at least of the date of the service of this Complaint.

**JURY DEMAND**

71. Never-Search hereby demands a trial by jury on all issues.

**PRAYER**

Wherefore, Never-Search prays for entry of judgment as follows:

72. A judgment in favor of Never-Search that Google has infringed and is infringing, either literally and/or under the doctrine of equivalents, the Asserted Patents;

73. A judgment in favor of Never-Search that Google's infringement has been and continues to be willful; in the alternative, a judgment in favor of Never-Search that Google's infringement is willful and continues to be willful as of the date of this Complaint;

74. An award of damages in favor of Never-Search adequate to compensate Never-Search for Google's infringement of the Asserted Patents which shall in no event be less than a reasonable royalty, together with interest and cost as fixed by the court pursuant to 35 U.S.C. § 284;

75. An award of enhanced damages in favor of Never-Search against Google for up to

three times the award of actual damages for Google's willful infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

76. An award of an ongoing royalty for Google's post-judgment infringement in the event a permanent injunction is not granted;

77. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

78. An award of costs and expenses as deemed appropriate by the Court; and

79. Any other legal or equitable relief to which Never-Search is justly entitled.

Dated: June 21, 2024                                  Respectfully submitted,

                                                      /s/ Mateo Z. Fowler
                                                      Mateo Z. Fowler (CA Bar No. 241295)
                                                      MZF Law Firm, PLLC
                                                      12121 Wilshire Blvd. Suite 805
                                                      Los Angeles, CA 90025
                                                      Telephone: (281) 546-5172

                                                      /s/ Jason S. McManis
                                                      Jason S. McManis
                                                      (pending pro hac vice)
                                                      Weining Bai
                                                      (pending pro hac vice)
                                                      **AHMAD, ZAVITSANOS & MENSING, PLLC**
                                                      1221 McKinney Street, Suite 2500
                                                      Houston, Texas 77010
                                                      (713) 655-1101
                                                      jmcmanis@azalaw.com
                                                      wbai@azalaw.com

                                                      ***Attorneys for Plaintiff* Never-Search, Inc.**