UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVER-SEARCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>    Defendant. | Case No. 24-cv-03733-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 35 |
| NEVER-SEARCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 24-cv-03945-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br>Re: Dkt. No. 32 |
| NEVER-SEARCH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 24-cv-03951-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br>Re: Dkt. No. 38 |

    The Court requests that the parties be prepared to address the following questions at the hearing on Google's, Apple's, and Microsoft's Motions to Dismiss, set for December 17, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse. For efficiency, the Court intends to hold one consolidated hearing for all three cases.

    1. Never-Search argues that the claims of the '519 patent pass *Alice* Step One because

they require a "concurrent display" or "qualitative information" for multiple points of interest. How does that disclose a technological solution when the claims do not specify how the information is to be displayed concurrently, but instead simply describe the result?

2. Never-Search argues that the specification of the '519 patent, which discloses certain folder structures for displaying user-selected subsets of points of interest, supplies the required inventive concept to pass *Alice* Step Two. But can the Court rely on those embodiments in its Step Two analysis if the claim language does not limit the invention to those embodiments? Also, how does Never-Search distinguish the Step Two analysis in *Intellectual Ventures I LLC v. Capital One Financial Corp.*, 850 F.3d 1132, 1341-42 (Fed. Cir. 2017)?

3. Never-Search argues that the claims of the '318 patent are non-abstract because they identify a "manager" of a point of interest, connect to that manager electronically, and store updates from the manager in the database. How is that different from automating the paper-and-pencil process of calling managers to update a paper guidebook or atlas?

4. In *International Business Machines Corp. v. Zillow Group, Inc.*, 50 F.4th 1371 (Fed. Cir. 2022), the Federal Circuit held that another computerized mapping patent failed *Alice* Step Two on the pleadings because the allegedly inventive concept was the application of an abstract idea using a general purpose computer. Why is that holding not equally applicable here to the '318 patent, where the invention uses "a conventional Web browser" and "any type" of computing device?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: December 10, 2024

RITA F. LIN
United States District Judge