UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVER-SEARCH, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, LLC,<br><br>　　　　Defendant. | Case No.  24-cv-03733-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 35 |

　　　　Never-Search ("Plaintiff") filed this action against Google LLC ("Google"), alleging that Google is engaging in ongoing infringement of eight of its patents. In response, Google filed a motion to dismiss (Dkt. No. 35), challenging whether the patents are directed toward patent-eligible subject matter. As described in greater detail below, Google's motion to dismiss is granted because the claims in U.S. Patent No. 7,388,519 ("'519 patent"), U.S. Patent No. 8,219,318 ("'318 patent"), U.S. Patent No. 9,152,981 ("'981 patent"), U.S. Patent No. 9,177,330 ("'330 patent"), U.S. Patent No. 9,599,479 ("'479 patent"), U.S. Patent No. 10,509,810 ("'810 patent"), U.S. Patent No. 11,086,910 ("'910 patent"), and U.S. Patent No. 11,372,903 ("'903 patent") are directed at patent-ineligible subject matter. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments. Additionally, the Court heard this motion concurrently with similar motions to dismiss concerning the same patents filed by Apple and Microsoft. To avoid duplication, the reasoning in the related order granting the motion to dismiss in *Never-Search, Inc. v. Apple, Inc.*, 24-cv-03945 ("Order granting Apple's Motion to Dismiss"), is incorporated by reference.

　　　　***'519 patent validity.*** For the reasons stated in the Order granting Apple's Motion to Dismiss, claim 1 of the '519 patent is directed to non-patentable subject matter under § 101.

Google has made a prima facie showing that claim 1 can be treated as representative for the '519 patent. (Dkt. No. 35 at 12 n.3.)[1] Google states that the "remaining independent claims, claims 17 and 18, are substantively identical to claim 1" and that the "dependent claims add no appreciable effects on the patent eligibility analysis . . . but instead merely tack on generic computer components or introduce conventional computer activities." (*Id.* (internal quotations omitted).) That analysis accords with the Court's review of the language of those claims, for the reasons stated in the Order granting Apple's Motion to Dismiss. Because Google has met its initial burden, Plaintiff was required to rebut through the presentation of non-frivolous arguments as to why the identified claims could not be appropriately treated as representative. Although Plaintiff argued in its brief that Google failed to make a prima facie showing, Plaintiff conceded at oral argument that it did not present argument as to why the identified claim cannot be treated as representative. Accordingly, this order treats claim 1 as representative.

      ***'318, '330, '479, and '810 patent validity.*** For the reasons stated in the Court's Order granting Apple's Motion to Dismiss, claim 1 of the '318 patent, claim 1 of the '330 patent, claim 1 of the '479 patent, and claim 11 of the '810 patent are directed to non-patentable subject matter under § 101. Google has made a prima facie showing that claim 1 of the '318 patent can be treated as representative for these four patents. (*Id.* at 15 n.4.) Google states that "[i]ndependent claim 18 of the '318 patent, the patent's only other independent claim, is substantively identical to claim 1, reciting 'computer-readable media storing instructions' for performing the same steps. The independent claims of '330, '479, and '810 patents are similarly directed to updating stored [point of interest] information and include minor variations directed to how updates are received or implemented, including by receiving the updates from a user moving icons on the map ('479 and '810 patents), storing the updates ('479 and '810 patents), and providing the updated data for display ('330, '479 and '810 patents). The dependent claims add no appreciable effects on the patent eligibility analysis . . . but instead merely tack on generic computer

---

[1] Citations to page numbers refer to the ECF pagination.

components or introduce conventional computer activities." (*Id.* (internal quotations omitted).)

"A single claim may serve as representative for multiple asserted patents." *e-Numerate Sols., Inc. v. United States*, 149 Fed. Cl. 563, 574 (Fed. Cl. 2020) (collecting cases that treat a single claim as representative across multiple asserted claims). The Court concurs with Google's assessment that each of the claims at issue in the four asserted patents is "linked to the same ineligible concept." *See Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024) (treating a claim in one patent as representative of the claims in four asserted patents in those circumstances). Accordingly, because Plaintiff failed to present non-frivolous argument as to why claim 1 of the '318 patent should not be treated as representative, the order treats it as such.

**'903 patent validity.** For the reasons stated in the Court's Order granting Apple's Motion to Dismiss, claim 1 of the '903 patent is directed to non-patentable subject matter under § 101. Google has made a prima facie showing that claim 1 can be treated as representative. (Dkt. No. 35 at 18 n.5.) Google states that "claims 9, 17, and 22, the remaining independent claims, are substantially similar, reciting the same abstract idea of storing personalized lists of POIs and displaying information for those POIs, but differ in specifics regarding types of POIs stored in the lists and types of information displayed. These additional limitations . . . do not alter the fact that 'the concept embodied by the majority of the limitations' of the claims involves the same abstract idea of storing personalized lists of POIs and associated information." (*Id.* (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014).) This is sufficient to meet Google's initial burden, and because Plaintiff did not present any argument in response, the claim is properly treated as representative.

**'981 and '910 patent validity.** Claim 9 of the '981 patent describes a "method" of "displaying a geographical map on a computer display wherein the geographical map includes a plurality of selectable points of interest" that, "based on a selection of one of the selectable of said plurality of points of interest, display[s] on said computer display a list of advertisements associated with the selected one of the plurality of the points of interest." This claim is directed

3

toward the abstract idea of incorporating personalized advertisements into the geographical map, based upon a user's selection of points of interest on a map.

The "concept of tailoring advertisements based on user data did not originate" with this claim, but rather, the "practice dates back at least to local radio and television advertisements." *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 Fed. App'x 882, 884 (Fed. Cir. 2019). The claim recites the process whereby advertisements are tailored based on user data at a high level of generality, without providing any specification as to how the process is performed. Nor does the claim describe a specific technological improvement that addresses a particular problem that would arise in the context of the geographical map. *See Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1362-65 (Fed. Cir. 2020) (finding claims concerning reserved and dedicated storage to deliver advertising data more quickly to be patent ineligible because "the claimed invention merely improves the abstract concept of delivering targeted advertising using a computer only as a tool"). Therefore, without more, claim 9 fails to satisfy *Alice* step one or step two.

Google has made a prima facie showing that claim 9 can be treated as representative for the '981 and '910 patents. (Dkt. No. 35 at 9-10 n.2.) Google states that "[c]laim 1 of the '981 patent, its only other independent claim, is substantively identical to claim 9, reciting 'non-transitory storage media storing instructions' for carrying out the same steps, and the independent claims of the '910 patent are similar, reciting the display of an 'advertisement' or 'qualitative information' together with displayed POIs ('910 patents, cls. 1, 8, 16). The dependent claims of the '981 and '910 patents add no appreciable effects on the patent eligibility analysis . . . but instead merely tack on generic computer components or introduce conventional computer activities." (*Id.* (internal quotations omitted).) As previously explained, one claim can be treated as representative, even across asserted patents, where the claims are all linked to the same ineligible concept. Google's analysis accords with the Court's review of the language of the claims, and because Plaintiff has not provided rebuttal, this order treats claim 9 as representative for both patents.

*Conclusion.* For the reasons previously stated, the '519, '318, '330, '479, '810, '903, '981, and '910 patents are all directed at patent-ineligible subject matter, meaning that the patents are invalid. Therefore, the motion to dismiss is **GRANTED** with prejudice as to all claims. Leave to amend is not granted because amendment would be futile.

The Clerk of the Court shall enter judgment in favor of Google, and against Never-Search, and close the case.

**IT IS SO ORDERED.**

Dated: February 28, 2025

RITA F. LIN
United States District Judge